42

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

8-4-03
jam

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:03-CR-7
)
WILLIAM "JAMES" DUNN )
Defendant )

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, WILLIAM "JAMES" DUNN, agree to the following in regard to the disposition of pending criminal charges against WILLIAM "JAMES" DUNN.

1. WILLIAM "JAMES" DUNN agrees to plead guilty to Count 4 of the Indictment, which charges him with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) based on his distribution of cocaine on May 15, 2002.

2. WILLIAM "JAMES" DUNN understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: up to 20 years of imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(C); at least a 3 year term of supervised release, pursuant to 21 U.S.C. § 841(b)(1)(C); not more than a $1,000,000.00 fine, pursuant to Title 21, U.S.C. § 841(b)(1)(C); and a $100.00 special assessment. Full restitution may also be ordered.

3. It is the understanding of the parties to this agreement that the plea will be entered under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The

I hereby attest and certify on April 16, 2007, that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: Lisa Wright
Deputy Clerk

defendant represents that he intends to plead guilty because he is, in fact, guilty of the crime with which he is charged.

4. WILLIAM "JAMES" DUNN agrees and understands that this agreement is conditioned upon his providing to the United States Attorney, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order made payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $100.00 for which he will be responsible when sentenced. The United States agrees to safeguard and pay the special assessment imposed at sentencing to the Clerk of the Court immediately after sentencing. In the event that this plea agreement is for any reason terminated or the defendant's guilty plea is not accepted by the Court, the special assessment shall be promptly refunded to WILLIAM "JAMES" DUNN. In the event that the tendered bank check is not honored for whatever reason, the defendant understands that he will still be liable for the amount of the special assessment which the Court imposes. WILLIAM "JAMES" DUNN understands and agrees that if he fails to pay the special assessment in full prior to sentencing, the United States' obligations under this plea agreement will be terminated, the United States will have the right to prosecute WILLIAM "JAMES" DUNN for any other offenses he may have committed, and will have the right to recommend the Court impose any lawful sentence. Under such circumstances, WILLIAM "JAMES" DUNN will have no right to withdraw his plea of guilty.

5. WILLIAM "JAMES" DUNN agrees and understands that it is a condition of this agreement that he refrain from committing any further crimes whether federal, state or local and that, if on release, he will abide by all conditions of release.

6. WILLIAM "JAMES" DUNN agrees that in exchange for the promises made by the government in this agreement, he will provide a proffer to the government in which he will disclose complete and truthful information regarding the sources of the cocaine he distributed and will further disclose others known to him in Vermont and elsewhere who are involved in the distribution of illegal drugs. Should the United States determine that WILLIAM "JAMES" DUNN has provided false or incomplete information, then its obligations under paragraphs 7 and 8 of this agreement will be void and the United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute the defendant for any other offenses he may have committed in the District of Vermont. The defendant understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

7. The parties stipulate that the quantity of cocaine attributable to the defendant for purposes of the Sentencing Guidelines calculations is between 500 grams and 2 kilograms.

8. The United States agrees that in the event WILLIAM "JAMES" DUNN fully and completely abides by all conditions of this agreement, the United States will:

(a) move to dismiss the remaining Counts of the Indictment at the time of sentencing;

(b) not prosecute him in the District of Vermont for any other criminal offenses known to the United States Attorney's Office as of the date of the signing of this plea agreement committed by him in the District of Vermont relative to his distribution of cocaine or other illegal drugs;

(c) recommend to the sentencing Court that he be sentenced to a term of imprisonment at the low end of the Sentencing Guidelines range applied by the Court in imposing the sentence; and

(d) recommend that he receive credit for acceptance of responsibility under Guideline Section 3E1.1, provided that he cooperates truthfully and completely with the Probation Office during the presentence investigation and abides by the conditions of his release and further provided that no new information comes to the attention of the United States Attorney's Office relative to the issue of his receiving credit for acceptance of responsibility.

9. If the United States determines, in its sole discretion, that the defendant has committed any offense after the date of this agreement, or has violated any condition of release, or has failed to cooperate fully with the Probation Office, or has provided any intentionally false, incomplete or misleading information to Probation, the United States' obligations under paragraphs 7 and 8 of this agreement will be void and the United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute the defendant for any other offenses he may have committed in the District of Vermont. The defendant understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

10. WILLIAM "JAMES" DUNN fully understands that the sentence to be imposed on him is within the sole discretion of the Court. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement other than an agreement between the parties pursuant to Federal Rule of Criminal

Procedure 11(e)(1)(C). The United States does not make any promises or representations as to what sentence WILLIAM "JAMES" DUNN will receive. The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and the positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement). The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty previously entered and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties. Both parties reserve the right to move for departures from the otherwise applicable Guideline range.

11. WILLIAM "JAMES" DUNN fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. Thus, the defendant expressly acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

12. It is further understood and agreed by the parties that should the defendant's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and the defendant may be prosecuted for any and all offenses otherwise permissible. If the plea is withdrawn or vacated on motion of the defendant, the defendant herein expressly agrees that the entire period of time that elapses between the signing of this agreement and the withdrawal or vacatur of the plea shall be disregarded in calculating whether the prosecution of any previously-dismissed charges is timely

under the applicable statute of limitations. The defendant also expressly agrees to waive any defense to the reprosecution of charges that he might have under the Speedy Trial Act, the speedy trial guarantees of the Constitution, or any other constitutional or statutory provision.

13. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

14. Nothing in this agreement shall be construed as limiting the right of either party to move for an upward or downward departure from the otherwise applicable Guidelines sentencing range.

15. WILLIAM "JAMES" DUNN is aware that his guilty plea may result in the loss of certain government benefits, including housing subsidies, food stamps, and some Social Security benefits, pursuant to federal law, including 21 U.S.C. § 862 and § 862(a).

16. WILLIAM "JAMES" DUNN agrees that he will provide a copy of any financial affidavit prepared during the course of the Probation Office's presentence investigation to the United States at the same time that it is provided to the Probation Office. In addition, he specifically hereby authorizes the Probation Office to provide the United States a copy of any and all financial affidavits submitted to it by him.

17. In voluntarily pleading guilty to Count 4 of the Indictment, WILLIAM "JAMES" DUNN acknowledges that he understands the nature of the charge to which the plea is offered. He also acknowledges that he has the right to plead not guilty or to persist in a plea of not guilty; that he has the right to be tried by a jury and at that trial a right to the assistance of counsel; that he has the right to confront and cross-examine adverse witnesses; that he has the right against

compelled self-incrimination; that if a plea of guilty is accepted by the Court, there will be no further trial of any kind, so that by pleading guilty he waives the right to a trial and the other rights enumerated here.

18. WILLIAM "JAMES" DUNN expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Mark W. Bennett, Esq. WILLIAM "JAMES" DUNN further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, WILLIAM "JAMES" DUNN expressly states that he is fully satisfied with the representation provided to him by his attorney, Mark W. Bennett, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the sentencing guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

19. No agreements have been made by the parties or their counsel other than those contained herein.

20. It is agreed that a copy of this agreement shall be filed with the Court before the time of the defendant's change of plea.

Dated at Burlington, in the District of Vermont, this 4th day of August, 2003.

UNITED STATES OF AMERICA

PETER W. HALL
United States Attorney

By: John P. Tavana

JOHN P. TAVANA
Assistant U.S. Attorney

08/4/03
DATE

WILLIAM "JAMES" DUNN
DEFENDANT

I have read, fully reviewed and explained this agreement to my client, WILLIAM "JAMES" DUNN, and I hereby approve of it.

8-4-3
DATE

Mark W. Bennett, Esq.
Counsel for the Defendant